IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMIE SOLE,

    Petitioner,               No. CIV S-05-1135 GEB DAD P

    vs.

M. SHEPHERD,

    Respondent.             ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed his petition in the United States District Court for the Northern District of California on March 7, 2005, and paid the required filing fee. The Northern District court found that petitioner is not challenging his 1989 Sonoma County conviction of second degree murder. Petitioner is attacking a denial of parole that occurred in the Eastern District of California. Accordingly, the Northern District court transferred the case to the Eastern District by order filed May 24, 2005.

        The district court must examine a habeas petition to determine whether the pleading complies with the rules that govern such cases and whether the respondent should be required to file a response. Rules 2 & 4, Fed. R. Governing § 2254 Cases in the District Courts. A federal habeas petition "must substantially follow" either the form appended to the Federal

1

Rules Governing § 2254 Cases or a form prescribed by a local district-court rule. Rule 2(d), Fed. R. Governing § 2254 Cases in the District Courts. In the present case, petitioner has submitted his petition on a standard form but has not completed the form properly. The petition will be dismissed with leave to file an amended petition that complies with the applicable rules and this order.

On page 3 of the form, petitioner alleges that he is challenging his sentence of 15 years to life in prison with the possibility of parole. On pages 3 through 5, petitioner alleges facts concerning his 1980 conviction. On pages 6 and 7, petitioner appears to allege facts concerning the parole denial. On pages 3 through 7 of his amended petition, petitioner must allege that he is challenging a parole decision, identify the specific decision at issue, and provide details concerning the date of the decision and all state proceedings, both administrative and judicial, that followed the decision.

On the form at pages 7 and 8, petitioner has not alleged his grounds for relief or any supporting facts but instead refers to an attachment. The six-page typed attachment consists of a one-page list of six claims without supporting facts, four pages titled "Supporting Facts For All Claims," and a one-page list of state and federal case citations titled "Cases in Support of Petitioner's Claim." Petitioner's "Supporting Facts for All Claims" sets forth procedural history that should be entered on pages 3 to 7 of the form. Petitioner's mere list of claims, without a summary of the facts that support each individual claim, does not substantially follow the standard form, and petitioner's generalized procedural history cannot be substituted for the required summary of supporting facts for each individual ground for relief. Similarly, petitioner's mere list of cases does not follow the standard form. In his amended petition, petitioner may cite cases in support of his claims, but he must cite specific cases in the context of each individual claim.

Petitioner's procedural history includes numerous cites to exhibits and transcripts. No exhibits or transcripts were attached to the petition transferred to this court. Petitioner may

cite the record in his amended petition, but he must attach to the amended petition copies of all exhibits and transcripts cited in the pleading.

      Petitioner has not completed all parts of the standard form and has not supplied the missing information in his typed attachment. The court finds that the petition filed in this court on June 8, 2005, does not comply with Rule 2(d) of the Federal Rules Governing § 2254 Cases and must be amended. Petitioner shall submit his amended petition on a standard form and shall complete all parts of the form. If additional space is required in order to provide the information required on the standard form, petitioner may continue responses as needed on pages that follow the same format as the form and are clearly linked to the form by page number or question number. Petitioner is required to allege his grounds for relief on the form and on continuation pages that follow the same format as the form. Petitioner must set out, on the form and continuation pages, a brief summary of supporting facts for each separate ground for relief.

      In accordance with the above, IT IS HEREBY ORDERED that:

      1. The petition for writ of habeas corpus is dismissed with leave to amend; and

      2. Petitioner is granted thirty days from the date of this order to file an amended petition on a standard form, in compliance with this order and Rule 2 of the Federal Rules Governing § 2254 Cases.

DATED: June 27, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
sole1135.115