1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10  JIMMIE SOLE,

11          Petitioner,                    No. CIV S-05-1135 GEB DAD P

12      vs.

13  M. SHEPHERD,

14          Respondent.              FINDINGS AND RECOMMENDATIONS

15  _____/

16          Petitioner, a state prisoner proceeding pro se, has filed a second amended petition

17  for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On May 8, 2007, the undersigned

18  ordered respondent to serve a response to the petition.  On July 5, 2007, respondent filed a

19  motion to dismiss on the grounds that petitioner filed the pending petition beyond the one-year

20  statute of limitations contained in 28 U.S.C. § 2244(d), petitioner failed to exhaust his state court

21  remedies, and petitioner procedurally defaulted his claims.  On September 5, 2007, petitioner

22  filed a timely opposition to the motion.  On September 13, 2007, respondent filed a reply.

23                          **PROCEDURAL HISTORY**

24          The chronology of relevant proceedings as reflected by the record before this court

25  is as follows:

26  /////

1

1.   On January 10, 1980, petitioner pled guilty to second degree murder in the Sonoma County Superior Court.  The court sentenced him to 15 years to life in prison plus a two-year enhancement for use of a firearm.  (Sec. Am. Pet. at 1-5, 7-8.)

2.   On April 20, 1999, petitioner appeared before the Board of Prison Terms ("Board") for his eighth parole suitability hearing.  The Board denied him parole for one year. (Id. at 9.)

3.   On November 16, 2000, petitioner filed a petition for a writ of habeas corpus in the Sonoma County Superior Court, challenging the Board's denial of parole.  (Id., Doc. 13.)

4.   On December 7, 2001, the petition was granted and the state court ordered that a new parole hearing be held and that a parole date be set because no evidence supported the Board's parole denial.  On May 10, 2002, the Board complied with the court's order and approved petitioner for parole.  (Id. at 9, Doc. 13, Attach. 2 at 344-55.)

5.   On June 7, 2002, former-Governor Davis reversed the Board's decision to grant petitioner parole.  (Id. at 10-11, Doc. 5.)

6.   On October 21, 2002, under the mailbox rule, petitioner filed a petition for writ of habeas corpus with the Sonoma County Superior Court, challenging the governor's reversal of the parole grant.  (Id. at 11, Doc. 8.)

7.   On July 15, 2003, the Sonoma County Superior Court denied petitioner's petition on the merits.  The court held that petitioner presented no new evidence to support his claim other than the evidence that was presented to and rejected by the California Supreme Court in In re Rosenkrantz, 29 Cal. 4th 616 (2002).  (Id. at 13, Doc. 11.)

8.   On October 7, 2003, petitioner filed a petition for writ of habeas corpus with the Court of Appeal for the First Appellate District.  (Id. at 13.)

9.   On November 13, 2003, the Court of Appeal denied petitioner's petition on the grounds that petitioner raised claims not presented to the trial court.  (Id., Doc. 12.)

/////

1    10.  On December 2, 2003, petitioner filed a second petition for writ of habeas

2  corpus with the Sonoma County Superior Court challenging the governor's reversal of the grant

3  of parole.  (Id. at 13, Doc. 13.)

4    11.  On May 25, 2004, the Sonoma County Superior Court denied petitioner's

5  second petition.  The court held that the petition was moot, untimely, and raised claims that could

6  have been brought in the October 28, 2002 petition.  The court also held that the governor's

7  decision to reverse the earlier grant of parole was supported by some evidence and that

8  petitioner's claim that his plea agreement was breached failed to state a cognizable claim.  (Id. at

9  13, Doc. 13.)

10    12.  On July 30, 2004, petitioner filed a second petition for writ of habeas

11  corpus with the Court of Appeal for the First Appellate District.  (Id. at 14; see also

12  http://appellatecases.courtinfo.ca.gov.)

13    13.  On September 10, 2004, the Court of Appeal summarily denied petitioner's

14  second petition.  (Sec. Am. Pet. at 14, Doc. 14.)

15    14.  On September 16, 2004, petitioner submitted a writ of habeas corpus to the

16  California Supreme Court.[1]  (Id. at 14, Doc. 1.)

17    15.  On December 1, 2004, the California Supreme Court summarily denied that

18  petition.  (Id. at 14, Doc. 2.)

19  /////

20

_____

21    [1] Petitioner raised the following six grounds for relief in his petition filed with the California
Supreme Court: (1) he was deprived of effective assistance of counsel when his state-appointed

22  attorney failed to file an amended petition at a critical stage in the proceedings; (2) the governor's
decision violated his plea agreement under the federal and state constitutions; (3) the governor's

23  decision violated his plea agreement under the United States Supreme Court two-step process to
determine whether a statute has an impermissible retroactive effect thus depriving petitioner of his

24  constitutional rights of due process; (4) there is no evidence that his second degree murder is
particularly egregious to justify the governor's reversal of parole now that petitioner is eligible for

25  parole as a first degree murderer; (5) the governor's decision violates his federal and state due
process rights because the decision is not supported by some evidence; and (6) the Superior Court

26  erred when it found his claims to be procedurally barred.  (Sec. Am. Pet., Doc. 1.)  Petitioner raises
identical claims in the pending federal petition.  (Id. at 4-5.)

16. On February 1, 2005, under the mailbox rule, petitioner filed a federal petition for writ of habeas corpus with the U.S. District Court for the Northern District of California. On May 24, 2005, that court transferred the case to the U.S. District Court for the Eastern District, where venue is proper.

## RESPONDENT'S MOTION TO DISMISS

Respondent has moved to dismiss the petition on the grounds that: (1) it was filed beyond the one-year statute of limitations contained in 28 U.S.C. § 2244(d); (2) petitioner failed to exhaust his state court remedies; and (3) petitioner procedurally defaulted on his claims. (Resp't's Mot. to Dismiss at 1.)

I. The Petition is Barred by the Statute of Limitations

Respondent argues that § 2244(d)(1)(D) applies to habeas petitions challenging parole decisions. (Resp't's Mot. to Dismiss at 2-3.) Respondent contends that under that provision, the one-year limitations period starts to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." (Id. at 3.) Here, petitioner challenges the former governor's June 7, 2002 reversal of the board's decision granting him parole. (Id.) Accordingly, respondent contends that the factual predicate of petitioner's claims was known to him on June 7, 2002. (Id.)

Respondent notes that, although petitioner filed a petition for writ of habeas corpus in the Sonoma County Superior Court on October 21, 2002, he did not include the claims raised before this court in that petition. (Id.) Because he failed to present his current claims to the Sonoma County Superior Court, respondent argues that the statute of limitations for the filing of the petition with this court was not tolled by the petition filed in state court on October 21, 2002. (Id.) Rather, respondent asserts, petitioner raised the claims he now presents to this court for the first time in his petition to the California Court of Appeal filed on October 7, 2003, four months after the AEDPA statute of limitations expired. (Id.) Under respondent's calculation, /////

4

1 | 487 days ran on the statute of limitations before petitioner first filed his current claims in state

2 | court and thus the instant petition should be dismissed.  (Id. at 3.)

3 | II.  Petitioner Failed to Exhaust His State Judicial Remedies

4 |         Respondent also argues that the petition must be dismissed because petitioner

5 | failed to exhaust his state remedies.  (Resp't's Mot. to Dismiss at 3.)  Respondent notes that

6 | prisoners in state custody who wish to challenge either the fact or length of their confinement by

7 | way of a petition for writ of habeas corpus in federal court are first required to exhaust state

8 | judicial remedies, either on direct appeal or through collateral proceedings.  (Id.)  They must

9 | present the highest state court with a fair opportunity to rule on the merits of each issue they seek

10 | to raise in federal court.  (Id.)  The burden is on petitioner to show that he has exhausted his state

11 | judicial remedies.  (Id.)

12 |         Here, respondent contends that the exhaustion requirement has not been met.  (Id.

13 | at 4.)  In this regard, respondent argues that a claim has not been fairly presented to the state's

14 | highest court if that court does not reach the merits of a claim due to a procedural bar.

15 | Respondent contends that petitioner failed to exhaust his state remedies on his challenge to the

16 | governor's decision to reverse the granting of parole because his state habeas petition was denied

17 | on procedural grounds.  Specifically, the Sonoma County Superior Court denied the petition

18 | finding that it was untimely and successive.  (Id.)  Respondent contends that it is irrelevant that

19 | the Superior Court also decided the petition on the merits.  Although petitioner sought review in

20 | the California Court of Appeal and the California Supreme Court, both courts summarily denied

21 | the petitions.  Respondent argues that the state court denials were not on the merits but rather on

22 | the procedural ground of untimeliness.  Respondent concludes that such denials are insufficient

23 | to demonstrate that petitioner has fully exhausted his state remedies because state courts did not

24 | have the opportunity to rule on the merits of his claims.  (Id. at 4.)

25 | /////

26 | /////

1  III.   Petitioner Procedurally Defaulted

2          Finally, respondent argues that the petition is barred because petitioner

3  procedurally defaulted on his claims.  (Id. at 6.)  More specifically, respondent contends that

4  petitioner's failure to timely file his claims constitutes a procedural default, arguing that "[a]

5  district court properly refuses to reach the merits of a habeas petition if the petitioner has

6  defaulted on the particular procedural requirements and is unable to demonstrate cause and

7  prejudice or a fundamental miscarriage of justice."  (Id. at 5) (quoting Park v. Cal., 202 F.3d

8  1146, 1150 (9th Cir. 2000)).  Respondent contends that for this rule to apply, "the application of

9  the state procedural rule must provide 'an adequate and independent state law basis' on which the

10 state court can deny relief."  (Id.) (quoting Park, 202 F.3d at 1152).  Respondent concludes that

11 where a state court decision declining to consider the merits of a claim rests on a state law

12 ground that is independent of the federal question and adequate to support the state court

13 judgment, federal habeas review is barred.  (Id.)

14         Here, respondent argues that petitioner's state court petition was denied as

15 untimely, a state procedural ground that was adequate to support the judgment.  Accordingly,

16 respondent concludes that petitioner has procedurally defaulted on the claims he raises in the

17 petition pending before this court  and therefore his petition should be dismissed.  (Id.)

18                         **PETITIONER'S OPPOSITION**

19         In opposition, petitioner contends that: (1) he filed his petition within the

20 AEDPA's one-year statute of limitations; (2) he has sufficiently exhausted his state court

21 remedies, and (3) he has not procedurally defaulted on the claims in the pending petition.

22 (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1.)

23 I.   The Petition is Timely

24         Petitioner does not dispute that he discovered the factual predicate for his claims

25 on June 7, 2002, the date then-Governor Davis reversed the Board's decision granting him

26 parole.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 2-3.)  However, petitioner contends that the

1  habeas petition he filed in state court on October 21, 2002, 136 days after the governor's

2  decision, tolled the AEDPA statute of limitations while it was pending in the state courts. (Id. at

3  3.) Petitioner emphasizes that, even if the October 21, 2002 state court petition did not include

4  the claims now asserted in his pending federal petition, it attacked the pertinent judgment which

5  was the governor's parole denial. (Id. at 3-4.) Petitioner notes that the Sonoma County Superior

6  Court did not deny his petition until July 15, 2003. Accordingly, he contends that his state

7  habeas petition filed October 21, 2002, tolled the AEDPA statute of limitations on his federal

8  petition for 267 days. (Id. at 4.)

9          Petitioner also notes that, on October 7, 2003, he filed an original habeas petition

10 in the Court of Appeal for the First Appellate District containing the six claims now before this

11 court. The Court of Appeal denied the petition, stating "petitioner must seek relief in the

12 Sonoma County Superior Court prior to seeking relief from this court." (Pet'r's Opp'n to

13 Resp't's Mot. to Dismiss at 4.) Petitioner contends that, because he filed his second petition in a

14 higher state court, he is entitled to the 84-day interval "between the lower court decision and the

15 filing of a new petition in a higher court." (Id. at 4.) In addition, petitioner contends that he

16 should be entitled to equitable tolling during that interval due to a 40-day lockdown which

17 prevented him from filing his petition. According to this calculation, petitioner concludes that

18 only 136 days of the statute of limitations ran before petitioner filed his second petition in the

19 Court of Appeal, leaving 229 days remaining. (Id. at 5.)

20         Petitioner does not directly address whether his other state habeas petitions were

21 timely filed or serve to toll the statute of limitations.

22 II.  Petitioner Exhausted His State Judicial Remedies

23         Petitioner also argues that he sufficiently exhausted his state judicial remedies.

24 (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 5.) Specifically, petitioner contends that he had

25 ineffective appointed counsel handling his habeas petition at the Superior Court level. (Id. at 5.)

26 Petitioner notes that he filed his habeas petition on October 21, 2002. After the California

1  Supreme Court issued its decision in In re Rosenkrantz, his counsel informed petitioner that his

2  petition would likely be denied based on that decision.  On February 1, 2003, petitioner requested

3  that counsel file his amended petition, setting forth three potentially meritorious claims.

4  However, petitioner contends that counsel essentially "abandoned" him and did nothing.  (Id. at

5  9.)

6          Petitioner also argues that the United States Supreme Court has held that an

7  intervening change of law is a sufficient justification for failing to raise a claim.  (Id. at 12.)  In

8  this regard, petitioner argues that Rosenkrantz was an intervening change of law affecting his

9  rights.  (Id. at 12.)  Petitioner contends that the only reason he did not file an amended petition

10 was because his state-appointed attorney failed to heed his request.  (Id. at 12.)

11         Finally, petitioner argues that he exhausted state judicial remedies because the

12 procedural bars applied by the state court were not independent and adequate state law grounds.

13 (Id. at 12.)  Petitioner contends that respondent has the burden of demonstrating that the

14 procedural bar has been regularly and consistently applied in habeas actions.  (Id. at 13.)

15 Petitioner contends that respondent has not cited a single published case demonstrating that

16 California applied the rules barring successive claims between July 15, 2003 and May 25, 2004.

17 Petitioner contends that since the California Supreme Court has not issued a reasoned opinion

18 since 1993 explaining why it deems a particular habeas claim to be successive, this court cannot

19 determine whether the bar is applied consistently.  (Id. at 13.)  Similarly, petitioner argues that

20 there are only four published cases, all capital cases, in which the California Supreme Court has

21 addressed whether claims should be barred as untimely.  (Id. at 13.)  Petitioner argues that these

22 decisions strongly suggest that the court has not applied the untimeliness bar consistently.

23 Accordingly, petitioner contends that the Superior Court's denial of his petition as successive and

24 untimely was improper and cannot procedurally bar his claims before this court.  (Id. at 15.)

25 /////

26 /////

III.  Petitioner's Claims Are Not Barred By Procedural Default

As noted, petitioner argues that the claims in his petition are not procedurally barred because California's untimeliness rule was not clear, consistently applied, or well established at the time of petitioner's purported default.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 16.)  Petitioner contends that California's rule barring review of untimely habeas claims is inadequate and therefore does not bar federal review of his petition.  To be adequate, petitioner contends that the legal grounds for the state's decision must be firmly established and consistently applied.  (Id. at 16.)  The rule must be clear and certain.  State procedural rules with overly vague standards do not provide petitioners with sufficient notice on how to avoid violating the rule.  Furthermore, poorly defined procedural rules do not provide courts with the guidance required for consistent application.  (Id. at 16.)  Petitioner contends that there are no standards for determining what period of time or factors constitute "substantial delay" in noncapital cases.  There are also no standards for determining what factors justify any particular length of delay.  (Id. at 17.)  Petitioner argues that the California Supreme Court's dismissal of his petition demonstrates that the untimeliness standard is applied inconsistently because he justified his alleged delay.  Moreover, petitioner notes that the state appellate court did not deny his petition as successive and untimely, again illustrating the inconsistent application of the timeliness standard by California courts.  (Id. at 19.)

Petitioner also argues that the claims in his petition are not procedurally barred because the Supreme Court has held that, if a state procedural rule frustrates the exercise of a federal right, the rule is "inadequate" to preclude federal courts from reviewing the merits of a federal claim.  Here, petitioner claims the governor's decision to review the decision granting his parole is unsupported by some evidence and is a violation of his plea agreement.  The state court's refusal to consider the merits of petitioner's federal claims, thereby denying petitioner exhaustion of his state judicial remedies, was based on the Superior Court's application of a timeliness rule that has resulted in fundamental unfairness.  Accordingly, petitioner concludes

1   that because the procedural bars employed by the Superior Court were inadequate in that they

2   were not clear, consistently applied, or well-established at the time of petitioner's alleged default,

3   petitioner should not be procedurally barred from seeking federal review of his claims.  (Id. at

4   20.)

5                                    **RESPONDENT'S REPLY**

6                In reply, respondent reiterates that the petition is untimely.  (Resp't's Reply at 1-

7   2.)  Respondent argues that the tolling of the AEDPA statute of limitations did not begin until

8   October 7, 2003, when petitioner filed a second habeas petition in Superior Court.  (Id.)

9   Respondent contends that because time is only tolled for one round of the state's review process,

10  the statute of limitations was not tolled by both of petitioner's filings in the Superior Court.  (Id.

11  at 2.)

12               In any event, respondent notes that the claims pending in this court are untimely

13  regardless of which period attributed to proceedings in the Superior Court is tolled.  (Resp't's

14  Reply at 2.)  In this regard, respondent argues that, if the time the first Superior Court petition

15  was pending is tolled, then the statute of limitations expired while the second Superior Court

16  petition was pending.  If the time the second Superior Court petition was pending is tolled, then

17  the statute of limitations expired before that petition was even filed.  (Id. at 2.)

18               Respondent notes that the parties agree that petitioner's claims accrued on June 8,

19  2002 and that a petition was filed in the Sonoma County Superior Court on October 21, 2002.

20  Respondent argues that this petition did not contain the claims raised before this court.  The

21  petition was denied on July 15, 2003.[2]  Petitioner submitted a petition to the California Court of

22  Appeal on October 7, 2003.  On November 13, 2003, the appellate court rejected the petition

23  because the claims were not properly filed, instructing petitioner that his claims had to be filed in

24  the Superior Court.  According to respondent, the time this petition was pending before the state

25  ─────────────

26      [2] Assuming petitioner is correct and the statute of limitations was tolled while this petition
    was pending, 135 days ran under the statute of limitations before that first petition was filed.

1  appellate court is not tolled because the court determined the petition was not properly filed.  On

2  December 2, 2003 petitioner filed another habeas petition in the state Superior Court, this time

3  raising claims brought before this court.  Respondent contends that even assuming petitioner is

4  correct and the statute of limitations was tolled while his first Superior Court petition was

5  pending, this second petition then could not toll the statute of limitations since a petitioner is

6  entitled to tolling only when he pursues relief through one complete round of state court

7  collateral review.  Respondent argues that the statute of limitations is not tolled when an inmate

8  returns to a lower court and initiates a new round of collateral review.  (Id. at 2.)  Respondent

9  therefore contends that petitioner is not entitled to tolling from July 15, 2003, when the Superior

10  Court denied petitioner's initial petition, until petitioner properly filed his petition in the state

11  appellate court on July 30, 2004.  According to respondent 381 days ran during that period and

12  the statute of limitations expired before any federal petition was filed.

13         Respondent concludes that the court should dismiss the petition as time barred.  In

14  addition, respondent contends that the petition should also be dismissed because petitioner failed

15  to exhaust his state court remedies and because his claims are procedurally barred.

16                                              **ANALYSIS**

17  I.  The Statute of Limitations

18         On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA")

19  was enacted.  The AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

20         (d) (1)  A 1-year period of limitation shall apply to an application
           for a writ of habeas corpus by a person in custody pursuant to the
21         judgment of a State court.  The limitation period shall run from the
           latest of –
22
           (A) the date on which the judgment became final by the
23         conclusion of direct review or the expiration of the time for
           seeking such review;
24
           (B) the date on which the impediment to filing an
25         application created by State action in violation of the Constitution
           or laws of the United States is removed, if the applicant was
26         prevented from filing by such State action;

1
2
3

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4
5

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

6
7

     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

8

9   28 U.S.C. § 2244(d).  The one-year AEDPA statute of limitations applies to all federal habeas

10  corpus petitions filed after the statute was enacted and therefore applies to the pending petition.

11  See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

12  II.  Application of § 2244(d)(1)(D) to Petitioner's Case

13         The one-year period of limitation set forth in 28 U.S.C. § 2244 "applies to all

14  habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if

15  the petition challenges an administrative decision rather than a state court judgment."  Shelby v.

16  Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004) (citation omitted). See also Redd, 343 F.3d at 1080-

17  83 (9th Cir. 2003) (assuming without deciding that the AEDPA statute of limitations applies to

18  collateral attacks on parole decisions).  When a habeas petitioner challenges an administrative

19  decision, § 2244(d)(1)(D) governs the date on which the limitation period begins to run.  Shelby,

20  391 F.3d at 1066; Redd, 343 F.3d at 1081-83.  Under § 2244(d)(1)(D), the limitation period

21  begins to run the day after "the factual predicate of the claim or claims presented could have been

22  discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  Shelby, 391 F.3d

23  at 1066 (limitation period began running day after petitioner received notice of denial of appeal);

24  Redd, 343 F.3d at 1082 (same).

25         Here, petitioner challenges the governor's reversal of the Board's decision to grant

26  him parole.  The parties do not dispute that the governor's reversal took place on June 7, 2002.

1   Accordingly, the statute of limitations began to run the following day on June 8, 2002.  Absent

2   tolling, the one-year limitations period therefore expired long before petitioner filed his federal

3   petition on February 1, 2005.

4   III.  Application of § 2244(d)(2) to Petitioner's Case

5          The one-year limitations period is tolled while a petitioner exhausts state judicial

6   remedies.  "The time during which a properly filed application for State post-conviction or other

7   collateral review with respect to the pertinent judgment or claim is pending shall not be counted

8   toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  "Properly filed"

9   means the petition's "delivery and acceptance were in compliance with the laws and rules

10  governing in the state."  See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that a properly filed

11  state application complies with the applicable laws and rules governing filings, including the

12  form of the application and time limitations); Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir.

13  2005).  A state habeas petition is "pending" during a full-round of review in the state courts.

14  This includes the time between a lower court decision and the filing of a new petition in a higher

15  court as long as those intervals are reasonable.  Evans v. Chavis, 546 U.S. 189, 200-201 (2006);

16  Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

17         As described above, petitioner filed five state habeas petitions, challenging the

18  governor's reversal of the Board's decision to grant him parole.  The sequence of the filing of

19  these petitions was as follows:  (1) Sonoma County Superior Court; (2) California Court of

20  Appeal; (3) Sonoma County Superior Court; (4) California Court of Appeal; (5) California

21  Supreme Court.

22         Putting petitioner's first and second petitions aside, petitioner filed three state

23  habeas petitions proceeding "up the ladder" of state court collateral review, each of which was

24  denied.  Both the California Court of Appeal and the California Supreme Court summarily

25  denied those petitions.  These are "unexplained orders," i.e., "an order whose text or

26  accompanying opinion does not disclose the reason for the judgment."  Ylst v. Nunnemaker, 501

U.S. 797, 802 (1991).  When confronted with a state court's unexplained order, the federal court applies the following presumption:  "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."  Id. at 803.  See also Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).  In applying this look-through presumption, unexplained orders are given no effect.  Id. at 804.

On May 25, 2004, the Sonoma County Superior Court issued an order, denying petitioner's December 2, 2003 habeas application.  This court has "looked through" the California Supreme Court and California Court of Appeal's unexplained orders to the Superior Court's order to determine whether the state courts found the initial petition before it to be untimely as a matter of state law.  The Superior Court denied the December 2, 2003 petition, explaining that the petition was procedurally defective because "it is untimely, and good cause for the delay is not established by counsel's failure to investigate and file an appropriate habeas petition (In re Robbins (1998) 18 Cal. 4th 770, 780)."  (Sec. Am. Pet., Doc. 13.)[3]

A petitioner is only entitled to tolling for those time periods during which his "properly filed" state habeas petitions were pending.  See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (habeas petition rejected by state court as untimely was not "properly filed" for purposes of  statutory tolling); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007).  When a state postconviction petition is determined to be untimely by a state court, that is the end of the matter for purposes of § 2244(d)(2).  Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408 [, 414], 125 S. Ct. 1807, 1812 (2005)).  See also Carey, 536 U.S. at 226.  In Thorson v. Palmer the Ninth Circuit held that a state habeas

---

[3]   The Superior Court also determined that the petition was moot and raised claims that should have been brought in petitioner's earlier petition. (Sec. Am. Pet., Doc. 3.)  Finally, the Superior Court determined the governor's decision was supported by "some evidence," and petitioner's allegations that his plea agreement had been breached failed to state a prima facie claim. (Id., Doc. 13.)

1    corpus petition denied with citation to " the very page of <u>Robbins</u> that sets forth 'the basic

2    analytical framework' governing California's timeliness determinations in habeas corpus

3    proceedings" was a clear ruling that the state petition was untimely and therefor not properly

4    filed.  479 F.3d at 645.  <u>Id.</u>  The Sonoma County Superior Court determined that petitioner's

5    December 2, 2003 application was untimely as a matter of state law and this court is bound by

6    that determination.  Although the Superior Court also ruled on the merits of the petition, that is of

7    no consequence for purposes of statutory tolling.  <u>See</u> <u>Bonner</u>, 425 F.3d at 1148-49 ("[n]either

8    does the fact that the superior court also denied Bonner's petition on the merits save his

9    petition."); <u>see</u> <u>also</u> <u>Carey</u>, 536 U.S. at 226 (if a state court rules a delay is unreasonable, that is

10   the end of the matter, regardless of whether the court addresses the merits of a claim or whether a

11   timeliness ruling is "entangled" with the merits).  As set forth above, because it is presumed that

12   the California Court of Appeal and the California Supreme Court rejected petitioner's subsequent

13   petitions for the same reasons as the Superior Court in its reasoned decision, they too were not

14   "properly filed" and do not serve to toll the statute of limitations.

15             Accordingly, petitioner is not entitled to statutory tolling from the date he filed his

16   second petition in the Sonoma County Superior Court on December 2, 2003 until he filed his

17   federal petition in the U.S. District Court for the Northern District of California almost fourteen

18   months later on February 1, 2005.  Moreover, as noted above, 135 days had already run on the

19   federal statute of limitations before petitioner filed his initial state habeas petition in the Sonoma

20   County Superior Court.  Thus, even if petitioner's first petitions to the Superior Court and

21   California Court of Appeal served to toll the statute of limitations, the limitations period expired

22   long before the federal petition was filed.  Under any conceivable calculation, the federal petition

23   before the court is untimely.  Therefore, respondent's motion to dismiss should be granted.[4]

24   /////

25   _____

26        [4]  The court need not address respondent's exhaustion and procedural default arguments
     given the court's recommendation that the petition be dismissed as time-barred.

**CONCLUSION**

IT IS HEREBY RECOMMENDED that respondent's July 5, 2007 motion to dismiss the petition as barred by the statute of limitations be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 7, 2008.

Dale A. Drozd
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
sole1135.157

16